UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS SEPULVEDA, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 14-cv-12776-ADB |
| UMASS CORRECTIONAL HEALTH CARE *et al.*, | * |
| Defendant. | * |

## ORDER GRANTING MOTION TO DISMISS

BURROUGHS, D.J.

I.  **BACKGROUND**

On February 5, 2016, the Court issued an order[1] partially granting Defendants' motions to dismiss, which dismissed most claims and several defendants. [ECF No. 40]. The order permitted Plaintiff's claims concerning inadequate treatment of neck pain and foot issues and inadequate dental care to go forward. Id. The Court allowed Defendants to renew their motion to dismiss on the basis that Plaintiff had not exhausted his administrative remedies. Id. Defendants O'Brien, Medeiros, and Sumner filed a renewed motion to dismiss on March 4, 2016. [ECF No. 48]. Plaintiff received three extensions of time to respond to the motion. [ECF Nos. 50, 53, 55]. The final deadline for Plaintiff to respond was August 5, 2016, but he has not filed an opposition.

For the reasons stated below, the Court will treat the unopposed motion to dismiss [ECF No. 48] as a motion to dismiss in part and a motion for summary judgment in part, and the motion is hereby **GRANTED**.

---

[1] That order lays out the procedural and factual background of the case.

## II.     DISCUSSION

### A.     Converting the Motion to Dismiss to a Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." See also Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008). The Court has the discretion to decide to convert a motion to dismiss to a motion for summary judgment. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

In this case, the Court explained in its February 2016 decision that it could not decide the claimed failure to exhaust administrative remedies on a 12(b)(6) motion because that would require the consideration of extrinsic evidence. [ECF No. 40 at 35–36]. The Court could not convert the 12(b)(6) motion into a Rule 56 motion at that time because Plaintiff had not yet been afforded notice and an opportunity to respond. Id. Therefore, the Court allowed the parties to submit additional briefing on the issue, after which the motion to dismiss would be converted into a motion for summary judgment if appropriate. Id. Defendants have submitted their briefing in the form of a renewed motion to dismiss, but Plaintiff has not responded. At this point, Plaintiff has been afforded his notice and opportunity to be heard, but he has declined to submit any information to the Court. The procedural requirements of Rule 12(d) have thus been fulfilled.

Defendants submitted two detailed affidavits in connection with their motion to dismiss which explain the applicable administrative procedures and attest that Plaintiff did not file certain grievances or appeals which were available to him. [ECF No. 48-2]. Defendants also

included documents concerning the grievance system. Id. The Court cannot consider these documents in evaluating a motion to dismiss, but can consider them upon a motion for summary judgment, and the Court elects to do so. Therefore, because the requirements of Fed. R. Civ. P. 12(d) have been met, the Court will evaluate Defendants' motion as a motion for summary judgment.

### B.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In evaluating a summary judgment motion, the Court considers "the facts of record and all reasonable inferences therefrom in the light most favorable to the nonmoving party." Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal quotations and citations omitted). "In opposing summary judgment, the nonmoving party 'may not rest upon the mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue' of material fact . . . ." Id. at 52–53 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

### C.     Exhaustion of Plaintiff's Administrative Remedies

Defendants argue that Plaintiff failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act (PLRA). 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted.").[2] The exhaustion requirement of the PLRA applies to "*all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is a mandatory prerequisite to suit. Id. at 524. Where an inmate has failed to exhaust his administrative remedies, dismissal is required. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (declining to require district court to continue the proceedings pending exhaustion, and affirming dismissal); see also Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) ("Unless appellants have satisfied the PLRA's exhaustion requirement, their case must be dismissed.").

The process for a prisoner incarcerated by the Massachusetts Department of Correction to file an administrative grievance is set forth in 103 Mass. Code Regs. 491.00 *et seq*. The regulations require that inmates use a form to file a grievance, which is to be made "readily available to all inmates." 103 Mass. Code Regs. 491.09. The grievance should be "legible," contain certain information pertaining to the incident, specify the remedy sought, and include the signatures of "both the inmate and staff recipient." Id. Completed grievance forms must then be filed directly with certain personnel or deposited in a specified mailbox or drop box. Id. If a grievance does not comply with the formatting requirements, it is returned to the inmate. Id. at 491.10. A grievance must be filed "within ten working days of the actual incident or situation or within ten working days of the inmate's becoming aware of the incident or situation." Id. at 491.08. Upon receipt of the grievance, the "Institutional Grievance Coordinator" must conduct an investigation and propose a resolution or deny the grievance with a written explanation within ten working days of receipt. Id. at 491.10. If a grievance is denied, the inmate is informed of the

---

[2] Plaintiff brought the claims at issue here pursuant to 42 U.S.C. § 1983.

right to appeal. Id. The Institutional Grievance Coordinator is required to keep a record of all grievances. Id. An inmate whose grievance is denied has ten working days to appeal, after which the Superintendent has 30 working days to issue a written decision. Id. at 491.12. The Superintendent must maintain a record of all grievance appeals. Id. If a grievance appeal is denied, the appeal package is forwarded to the departmental grievance coordinator. Id. at 491.13. Complaints about medical or clinical decisions are not grievable, because the medical contractor is required to maintain its own grievance procedure; however, complaints about access to medical care are grievable. Id. at 491.08.

Defendants previously submitted an exhibit attached to their earlier motions to dismiss showing that Plaintiff filed four medical grievances in 2012 and 2013. [ECF Nos. 25-2 and 27-2]. In each instance, Plaintiff did not check the box at the bottom of the form indicating that he wished to appeal the result of the grievance. Id. The Lees affidavit filed by Defendants in support of their current motion to dismiss states that Plaintiff never filed an appeal of a medical grievance concerning either his foot problem or his dental care. [ECF No. 48-2 at Ex. 2 ¶ 4, 7–8]. The Paiva affidavit, also filed in support of the current motion to dismiss, verifies that Plaintiff never filed a grievance with the DOC concerning either his feet or his dental care. Id. at Ex. 1 ¶ 10–11. The Paiva affidavit explains that all inmates receive information about the grievance procedures during orientation at every correctional facility, and they have access to the grievance policy in the library and health services unit of the correctional facility. Id. ¶ 5.

Plaintiff has offered no indication that he disputes these factual assertions. Indeed, Plaintiff has never filed an opposition to any of the motions to dismiss filed in this case, nor did he amend the complaint after requesting leave to do so. Given that Plaintiff had notice that the currently-pending motion to dismiss could be converted to a summary judgment motion, he had

ample opportunity to demonstrate that there was a genuine issue of material fact—that is, that he exhausted his administrative remedies—but he has failed to do so. Accordingly, the Court will grant summary judgment to the Defendants on the counts alleging that Defendants violated Plaintiff's Eighth Amendment rights with respect to treatment of his feet and dental issues. There is no genuine dispute that Plaintiff failed to exhaust his administrative remedies on these counts and thus, Defendants are entitled to judgment as a matter of law.

Plaintiff's last remaining claim, that Defendants violated his Eighth Amendment rights in respect to treatment of his neck pain, cannot be resolved on the basis of exhaustion. The exhibits submitted by Defendants specifically reference feet and dental issues, but not neck pain. Therefore, the court cannot conclude that Plaintiff failed to exhaust his administrative remedies as to his claims concerning his neck pain.

### D. Qualified Immunity as to Neck Pain Claims

Next, concerning the remaining neck pain claims, Defendants argue that they are entitled to qualified immunity. Qualified immunity protects "government officials performing discretionary functions" from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. If it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted, then qualified immunity does not apply." Hope v. Pelzer, 536 U.S. 730, 752 (2002) (internal citations and quotation marks omitted). If, however, "officers of reasonable competence could disagree on the issue, immunity should be recognized." Id. In the context of a medical claim by a prisoner, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does

not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

In this case, Plaintiff's complaint alleges that he has serious neck pain due to degenerative disc disease. [ECF No. 1, ¶ 224]. He states that he has gone to Tufts New England Medical "numerous times" to see a doctor who says he is looking into the issue, but never gets back to Plaintiff. Id. Plaintiff states that he was prescribed Neurontin, but did not like the way it made him feel; he also states that he was prescribed "numerous" other types of medication, but nothing was effective. Id. His complaint alleges that he does not feel that neck surgery "is an option at the present time," but he claims other treatments could be tried, specifically a "Gel shot injection" (which he says he was told does not exist, even though he claims a fellow inmate received it) or stronger muscle relaxants and narcotics. Id. Plaintiff claims he was given an MRI that "prove[d]" that what he was saying was true. Id. ¶ 225.

Contrary to demonstrating a clear Eighth Amendment violation, Plaintiff's complaint concedes that he has received extensive treatment for his neck pain. While it is unfortunate that Plaintiff continues to suffer from pain, it is unclear that any other medical treatment could provide him the relief he seeks. The complaint only alleges "negligence," at most, not the "deliberate indifference" that is required. Furthermore, the Eighth Amendment does not guarantee him the right to demand a specific medical treatment. See, e.g., Hamby v. Hammond, 821 F.3d 1085, 1092–93 (9th Cir. 2016) (not a clear violation of Eighth Amendment for prison officials to refuse to allow hernia surgery, even if they were aware inmate was in chronic pain). Therefore, because it would not be apparent to the Defendants that their conduct in this situation could constitute a violation of Plaintiff's constitutional rights (indeed, their conduct, as alleged

by Plaintiff, does not rise to the level of a constitutional violation), Defendants are entitled to qualified immunity.

## III.     CONCLUSION

Accordingly, Defendants' unopposed motion to dismiss [ECF No. 48] is hereby GRANTED. The Court grants summary judgment for Defendants on the claims that they violated Plaintiff's Eighth Amendment rights as to his foot issues and dental care. Furthermore, Defendants are entitled to qualified immunity on the claim that they violated Plaintiff's constitutional rights concerning his neck pain.

**SO ORDERED.**

December 1, 2016                                        /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE